UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT LONG,

          Plaintiff,

  v.

RICHARD KIRKLAND, Warden, et al.,

          Defendants.
                                     /

No. C 06-0192 PJH (PR)

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

      This is a pro se section 1983 civil rights action filed by a state prisoner. Defendants have moved for summary judgment. Plaintiff has not opposed the motion.

**DISCUSSION**

**A.    Standard of Review**

      Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

      The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to

show a genuine issue of material fact, the moving party wins. *Id.*

**B.    Analysis**

The motion for summary judgment is unopposed. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (court may not grant judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), *rev'd on other grounds sub nom. Degen v. United States*, 517 U.S. 820 (1996).

Plaintiff's claim is that his First Amendment rights were violated when defendant, an inspector in the mailroom, blocked his copies of the magazines "Vibe" and "Blackman." Defendant rejected the magazines because they contained advertisements which showed frontal nudity and were for videos or other materials which were sexually explicit. The papers in support of the motion for summary judgment are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Mauro v. Arpaio*, 188 F.3d 1054, 1059-63 (9th Cir. 1999) (en banc) (applying four-factor test of *Turner v. Safley*, 482 U.S. 78, 89-90 (1987), to uphold regulation prohibiting possession in jail of photos depicting frontal nudity). The motion for summary judgment will be granted.

**CONCLUSION**

The motion for summary judgment (document number 14 on the docket) is **GRANTED.** The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 18, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.06\LONG192.MSJ.wpd

2